IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROY E. ERWIN, et al.,

       Plaintiffs,

vs.

BRYAN F. RUSS, et al.

       Defendants

Case No. 09-cv-1894

## MOTION FOR CRIMINAL REFERRAL

TO THE HONORABLE JUDGE DAVID HITTNER:

      Now come the Plaintiffs and respectfully move the Court to refer the matters described

herein to the United States Attorney for the Western District of Texas for criminal investigation.

As set forth in an October 26, 2009 supplemental judicial complaint (attached as Exhibit A)

against Judge Robert Stem, it appears that Defendant Bryan F. Russ, Jr. and other members of

his firm conspired with Judge Stem to "ambush" Plaintiff Alan Eppers and unlawfully depose

him. *Id*; *see also* September 29, 2009 Transcript of Hearing Before Judge Robert Stem (attached

as Exhibit B).  The Defendants then used this unlawful deposition to initiate a criminal

investigation[1] of Plaintiffs' Counsel, and Judge Stem tried to pressure Mr. Eppers's state-court

attorney, Jeffrey F. Duke, to file a grievance against Plaintiff's Counsel. *Id*.  To the extent Judge

Stem, the Defendants, or anyone else has tried to intimidate Mr. Eppers or Plaintiffs' Counsel,

---

[1] As set forth in the attached affidavit of Jeffrey F. Duke, the Brazos County District Attorney's
Office is investigating the undersigned for barratry.  Bill Turner, the Brazos County District
Attorney, arguably is conflicted insofar as the undersigned recently filed suit against him on
behalf of another client in *James Woods v. Charles Russ, et al.*, Case No. 09-cv-2541 (S.D.
Tex.).  The Plaintiffs do not, however, believe that Mr. Turner or his staff are attempting to
further the interests of Defendant Russ or Judge Stem.

they have violated 18 U.S.C. § 1503 (pertaining to obstruction of justice).

As attested by his signature below, Plaintiffs' Counsel and several of his clients have been contacted by agents of the Waco resident agency of the Federal Bureau of Investigation regarding the allegations set forth in the First Amended Complaint ("FAC")(Doc. 3). One of those clients has been interviewed specifically regarding Judge Stem. Insofar as the Waco office already is investigating the matters set forth in the FAC, it seems reasonable to refer any additional evidence of criminal activity to the U.S. Attorney for that district.

The Plaintiffs would further move the Court to refer Defendant Bryan F. Russ, Jr. to the Office of Chief Disciplinary Counsel for the State Bar of Texas. As noted in the FAC, the undersigned previously filed a grievance with the bar and, notwithstanding the ongoing investigations by federal authorities and the State Commission on Judicial Conduct, the bar found no basis for an investigation. *See* FAC at 32, n. 7. Perhaps the bar will take its responsibilities more seriously with encouragement from the Court.

<u>Requested Relief</u>

In light of all the foregoing, the Plaintiffs move the Court to:

(1)     Refer the matters set forth in this motion to the U.S. Attorney for the Western District of Texas for investigation and possible prosecution; and

(2)     Refer Defendant Bryan F. Russ, Jr. to the Office of Chief Disciplinary Counsel of the State Bar of Texas for investigation and possible disciplinary proceedings.

Respectfully submitted,


**/s/ Ty Clevenger** _____
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 4806
Bryan, Texas 77805
Phone: (979) 985-5289
Fax:     (979) 530-9523

ATTORNEY FOR PLAINTIFFS[2]

---

[2] The Plaintiffs will provide a copy of this motion to Judge Walter S. Smith, Chief Judge of the Western District of Texas, who was assigned to hear *Roy E. Erwin, et al. v. Bryan F. Russ, et al.*, Case No. 6:09-cv-127, when it was filed in the Western District.  On September 14, 2009, the Plaintiffs declared their intent to dismiss that case in favor of pursing their claims before this Court.  *See* FAC at 2, n.1.  On September 22, 2009, the day this Court granted additional time to serve the complaint, Defendants Bryan F. Russ, Jr. and James H. McCullough filed an answer and a specious counterclaim in the Waco court, even though they had never been served with that complaint, in an attempt to wrest jurisdiction from this Court.  A motion to dismiss that case is still pending.  The Plaintiffs still intend to proceed before this Court.