IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ROY E. ERWIN, RUTH ILENE ERWIN ROBERTS, et al., Plaintiffs, | § § § § | CIVIL ACTION NO. W:09-CA-127 |
| v. | § § § | consolidated with |
| BRYAN F. RUSS, JR., JAMES H. McCULLOUGH, et al., Defendants. | § § § § | CIVIL ACTION NO. W:10-CA-005 |

## O R D E R

In previous Orders, the Court granted the motions to dismiss and/or motions for summary judgment filed by a number of the Defendants in this case. The remaining Defendants were previously dismissed by the Court for want of prosecution or voluntarily by the Plaintiffs. Counterclaims asserted by some of the Defendants were also voluntarily dismissed. Judgment has been entered, and the issue before the Court is whether attorneys' fees should be awarded in this case.[1] Defendant Blue Water Systems, LP has moved for attorney's fees and costs. Plaintiffs have, in turn, moved for sanctions against Defendant Blue Water and its counsel. Defendants Stephen Boykin and Guaranty Title of Robertson County, Inc. have moved for sanctions against the Plaintiff's attorney, Ty Clevenger. A number

---

[1] Even though judgment has been entered, an award of attorneys' fees and expenses is part of a court's collateral jurisdiction. *Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007). This is true whether the court awards such fees and costs under 42 U.S.C. § 1988, 28 U.S.C. § 1927, or Rule 11 of the Federal Rules of Civil Procedure.

of other Defendants sought attorney's fees in their answers and motions to dismiss/motions for summary judgment, although they have not requested any specific amount. Having considered Defendants' motions and the frivolous claims presented in this lawsuit, the Court is persuaded that attorneys' fees should be awarded to those Defendants who have sought them.[2]

Generally, each party bears the cost of their own attorney's fees unless entitled to them by contract or statute. Attorneys fees may be awarded in a suit alleging violations of 42 U.S.C. § 1983 by authority of 42 U.S.C. § 1988(b). This statute provides, in pertinent part, that, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." Prior to awarding attorney's fees to a prevailing defendant in a § 1983 action, the court must find that the plaintiff's claims are "frivolous, unreasonable, or without foundation." *Fox v. Vice*, 594 F.3d 423, 426 (5th Cir.), *cert. granted*, ___ U.S. ___, 131 S.Ct. 505 (2010). "When determining whether a claim is frivolous, unreasonable, or without foundation, a district court should consider (1)

---

[2] Defendants who have not sought attorneys' fees include: Larry A. Aikens, Karen Box, Marc Catalina, W. Scott Carlson, Joe Davis, Delaware Development Company, LLC, Encana Oil & Gas (USA), Inc., First State Bank of Bremond, Eleanor Funk, Individually and as Trustee for J.B. Newton Trust and J.S. Newton Estate, Rodrick Jackson, Pam Krumnow, Leor Energy, L.P., Bettie Mendenhall, Metropolitan Water Company, LP, Mark Milstead, Timothy Moore, Tracy Moore, Alma Ione Morgan, Michael T. Morgan, Travis T. Morgan, John Paschall, Kenneth Swick, Michael Welinger, Heather Wheeler, Nora Cora Withem, Gene Wilganowski, Gerald Yezak, Amy Zachmeyer , James Zeig, and Zeig Enterprises, Inc.

whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial." *Fox*, p. 427, *citing Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

> In making these determinations, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Instead, a court must ask whether "'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'"

*Id.* (footnotes omitted). A defendant need not prevail over an entire suit in order to recover attorney's fees for frivolous § 1983 claims. *Id.* at 429. "[I]t would 'undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined'" with additional nonfrivolous claims." *Id.*, p. 428, quoting *Tutor Saliba Corp.*, 452 F.3d 1055, 1064 (9th Cir. 2006). While a defendant need not prevail on all claims, "a defendant is only entitled to attorneys' fees for work which can be distinctly traced to a plaintiff's frivolous claims." *Id.*, p. 429.

A court may also award attorneys' fees under 28 U.S.C. § 1927, which provides: "Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Punishment under § 1927 should be sparingly applied, and "except when the entire course of proceedings were unwarranted and should

neither have been commenced nor persisted in," an award "may not shift the entire financial burden of an action's defense." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994), *quoting Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991). Before imposing sanctions under § 1927, the court "must ensure that, pursuant to the plain terms of § 1928, the offending attorney's multiplication of the proceedings was both 'unreasonable' and 'vexatious'; evidence of recklessness, bad faith, or improper motive must be present." *Travelers Ins. Co. v. St. Judge Hosp. of Kenner*, 38 F.3d 1414, 1416-17 (5th Cir. 1994) (internal citations omitted).

Finally, Rule 11 of the Federal Rules of Civil Procedure gives the Court the authority to impose sanctions against an attorney who unreasonably pursues frivolous or groundless suits. An appropriate sanction in such a case is "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006); FED.R.CIV.P. 11(c)(4). When imposing monetary sanctions under Rule 11, the Court is required to identify the sanctionable conduct, connect the monetary sanction with the sanctionable conduct, determine whether the costs or expenses were reasonable, and consider the least severe sanction that will accomplish the Rule's purpose. *Topalian v. Ehrman*, 3 F.3d 931, 936-37 (5th Cir. 1993).

In the present case, all Plaintiffs' RICO claims were frivolous because they failed to identify a RICO enterprise and they failed to identify specific actions which

constitute a pattern of racketeering activity. All Plaintiffs' § 1983 and state conspiracy claims were frivolous because they failed to identify a specific right violated by each named defendant and they made only conclusory allegations of conspiracy. Additionally, the majority of the claims asserted by Plaintiffs are barred by limitations. Especially egregious are the claims of the Erwin Heir Majority Plaintiffs, who had reached a settlement with a number of the Defendants, and those of Clifton Muzyka and Carol Fitzpatrick, who had previously settled a lawsuit with Clifton's siblings, Michael Muzyka and Catherine Motley.

Perhaps, had the claim been pled properly, there might have been a viable RICO claim against Defendants Russ and McCullough arising out of their actions in snatching up properties at tax sales. But, adding in a variety of unrelated plaintiffs with unrelated claims, such as child custody disputes and false arrest charges, clearly shows that Plaintiffs' attorney multiplied the proceedings "unreasonably and vexatiously" to the extent that excess costs and attorneys' fees were incurred by the Defendants. This is particularly true in light of the fact that Plaintiff's attorney initially raised at least one claim in a prior lawsuit, styled *The United States of America, ex rel. Ty Clevenger v. Bryan F. Russ, Jr., et al.*, W-08-CV-259, with himself as plaintiff. This was a qui tam action, in which the United States declined to intervene. Plaintiffs' attorney agreed to dismissal of that suit, but only after the Defendants had expended fees in filing motions to dismiss. Seven days after that case was dismissed, the present suit was filed. Approximately one month later, Plaintiffs'

counsel initiated another suit in Houston, styled *Roy E. Erwin, et al., v. Bryan F. Russ, Jr., et al.*, 4:09-cv-01894, which raised identical claims.[3] The Houston case was transferred to the Waco Division, where it was consolidated with this case. An amended complaint filed in the Houston case became the last live pleading in both that case and the instant case. Yet again, Defendants were required to expend unnecessary resources by having to defend these lawsuits in two different venues. No responsible attorney would have advised the Erwin Heir Majority Plaintiffs or Clifton Muzyka to pursue this lawsuit as the very act of filing it could well have jeopardized the settlements they had previously entered. No responsible attorney would have included the baseless claims raised in these lawsuits.

Reviewing the pleadings in this case, it is clear that the RICO claim encompassed the largest part of the lawsuit. As only the § 1983 claim provides an award of attorneys' fees, any amount awarded must be reduced proportionately. Additionally, some Defendants were forced to expend greater amounts than others, while some Plaintiffs more needlessly increased the costs of litigation.

In determining the amount of fees to be awarded, the Court is directed to consider the factors outlined in *Johnson v. Georgia Highway Express*, 488 F.2d 714

---

[3] Plaintiffs' attorney not only filed suit, he initiated a grievance against Defendants Bryan F. Russ, Jr. and James H. McCullough with the State Bar of Texas, using as a basis for his grievance the complaint he filed in the qui tam action. Plaintiff's Amended Complaint (improperly designated Original Complaint), 4:09-cv-01894, p. 32 n. 7. The grievance was dismissed, which was upheld on appeal.

(5th Cir. 1974). *EEOC v. Agro Distribution*, 555 F.3d 462, 473 (5th Cir. 2009). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (12) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 92, n. 6, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). A specific discussion of each factor is not required. *EEOC v. Agro Distribution*, 555 F.3d at 473.

Having considered the *Johnson* factors and the requirements of Rule 11, the Court determines that the Plaintiffs and their attorney should reimburse the Defendants in the total amount of $25,000. One half of that amount, or $12,500, shall be paid by the Erwin Heir Majority Plaintiffs[4] and Clifton Muzyka and Carol Fitzpatrick[5] for bringing suit against Defendants with whom they had previously settled. Three-fourths of that amount, or $9,375.00, shall be paid by the Erwin Heir Majority Plaintiffs to the following Defendants: Bryan F. Russ, Jr., James H.

---

[4] The Erwin Heir Majority Plaintiffs are Ruth Ilene Erwin Roberts, Raymond F. Martine, Timothy R. Stone, Brenda Tunnell, Lucinda R. Warnstaff and Elizabeth Ann McKinney, as legal representative of the Estate of Mary M. Lunsford.

[5]

McCullough, Palmos, Russ, McCullough & Russ, LLP, Nestor Leamon, LK&P, LLC, Oaks & Diamonds, LLC, Deminimus Management, LLC, Velnon, LLC, Flare Royalties, LLC, Flare Royalties, LP, and Dona E. Harris. The remaining one-fourth, or $3,125, shall be paid by Clifton Muzyka and Carol Fitzpatrick to the following Defendants: Michael Muzyka and Catherine Motley.

The remaining $12,500 shall be split evenly among the following remaining Defendants: Shirley Bielamowicz, Blue Water Systems, LP, Stephen Boykin, Hollie Elliott, Guaranty Title of Robertson County, Hearne Business Park, Dick Milstead, Catherine Motley, and Jerry Wayne Nichols. Half of that amount, $6,250, shall be paid by the remaining Plaintiffs,[6] and the other $6,250 shall be paid by Ty Clevenger individually. Each of the remaining Defendants is, therefore, entitled to $1,388.88. Each of the remaining Plaintiffs is responsible for $446.43,[7] which shall be paid through their attorney, Ty Clevenger, who shall forward the collected amounts to the

---

[6] The remaining Plaintiffs are: Roy E. Erwin, Steve Stokely, Brian Moore, Madeline Moore, Cindy Nichols, Cassandra Butler, Alan Eppers, Cheryl Maxwell, Wayne Maxwell, Jimmy Czajkowski, Estella Scott, Nancy Erickson, Janna Gossen, Ted Booher, Todd Reynolds, and Phillip Krumnow, Jr. Although Plaintiffs Steve Stokely, Brian Moore, Madeline Moore, Cindy Nichols, Cassandra Butler, Alan Eppers, Cheryl Maxwell, Wayne Maxwell, Jimmy Czajkowski, Estella Scott, Nancy Erickson and Janna Gossen do not appear on the docket sheets in this case or in Houston case number 4:09-cv-01894, they were added to the lawsuit when the first amended complaint (improperly designated "Original Complaint") was filed on September 14, 2009 in the Houston case (document # 3).

[7] While there are 16 Plaintiffs remaining, Brian and Madeline Moore and Cheryl and Wayne Maxwell, as married couples, were counted together, resulting in an equitable division among 14 Plaintiffs.

Defendants. The Court is further persuaded that each of the Defendants should recover their costs from all of the Plaintiffs, jointly and severally. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Sanctions Against Defendant Blue Water Systems, L.P. and Its Counsel and Motion to Permit Discovery (document #192) is **DENIED**. It is further

**ORDERED** that the Motion for Sanctions filed by Stephen Boykin and Guaranty Title (document # 157) and the Motion for Attorney's Fees and Costs filed by Blue Water Systems, LP (document # 186) are partially **GRANTED**.

SIGNED this 9th day of March, 2011.

_____
WALTER S. SMITH, JR.
**United States District Judge**